U.S. District Court
District of Connecticut

Angel Gonzalez (Plaintiff)  : No.
　　　V.                    :
Kathleen Maurer, Sharon    :
Brown, Brian Liebel,       :
Ricardo Ruiz, Carson Wright,:
Jane Ventrella, Sheryl Estrom,:
Cindy Letevik, Shannon     :
Rourke, Ellen Durko,       :
Barbra Savoie, Vikki       :
Scruggs, Jane Doe, and     :
John Doe, all sued in their:
individual and official    :
capacities. (Defendants)   :
JURY TRIAL DEMANDED        :

## Complaint

1. Plaintiff Angel Gonzalez brings this action pursuant to 42 U.S.C. § 1983 because Defendants have knowingly deprived him of adequate medical care that have exacerbated his serious medical condition in violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

## Parties

2. Plaintiff Angel Gonzalez ("Plaintiff") is in the custody of the Connecticut Department of Correction.

3. Defendant Kathleen Maurer ("Maurer") is the current Director of Health Services for the Connecticut Department of Correction ("DOC"). As such, she has certain responsibilities for overseeing the provision of medical care and treatment to inmates confined in its facilities. At all relevant times, she was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

4. Defendants Sharon Brown ("Brown") and Brian Liebel ("Liebel") are Health Services Administrators for Cheshire and Northern Correctional Institutions, respectively. At all relevant times, they were acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

5. Defendants Riccardo Ruiz ("Ruiz") and Carson Wright ("Wright") are physicians assigned to Cheshire and Northern, respectively. As such, they were two of several individuals who provided medical care and treatment of Plaintiff during the periods of his confinement at Cheshire and Northern. At all relevant times, they were acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

6. Defendants Ellen Durko ("Durko"), Barbra Savoie ("Savoie"), and Vikki Scruggs ("Scruggs") are nurses assigned to Northern. As such, they were three of several individuals who provided medical care and treatment of Plaintiff during the period of his confinement at

-2-

Northern. At all relevant times, they were acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

7. Defendants Jane Ventrella ("Ventrella"), Sheryl Estrom ("Estrom"), Cindy Letevik ("Letevik"), Shannon Rourke ("Rourke"), Jane Doe ("Doe"), and John Doe ("Doe") are nurses assigned to Cheshire. As such, they were six of several individuals who provided medical care and treatment of Plaintiff during the period of his confinement at Cheshire. At all relevant times, they were acting within the scope of their employment and under color of state law. They are sued in their individual and official capacities.

### Jurisdiction And Venue

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States and pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation of constitutional rights under color of state law.

9. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

10. This Court has jurisdiction to grant injunctive relief pursuant to Federal Rule of Civil Procedure 65.

11. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

Statement of Facts

Plaintiff's Serious Medical Injury

12. Plaintiff was diagnosed with "Traumatic Brain Injury" due to being hit in the head multiple times throughout his childhood.

13. On August 4, 2009, Plaintiff received an injury while playing basketball to the left frontal area of his head just above the left eye brow area.

14. A scan of Plaintiff's basketball injury showed a fracture of the left superior orbital rim and the left frontal sinus with inferior fracture fragments impressing on left superior rectus muscle.

15. Plaintiff had surgery on his basketball injury and the surgeon had to peel the skin from the top of his head to the bottom of his jaw area so the surgeon can operate and repair his facial injury described in paragraph 14.

16. Approximately a year later after the surgery the Plaintiff started experiencing intense tingling, itching, burning and headaches.

17. The itching and burning is similar to the effects of being sprayed with mace or a chemical agent, and causes Plaintiff to scream out in pain and experience paranoia, anxiety and panic attacks.

18. Plaintiff takes medication to treat his serious medical condition.

Deliberate Indifference

19. All Defendants were and continue to be deliberately indifferent to Plaintiff's serious medical needs.

20. Defendants Ventrella, Estrom, Letevik, Rourke, Durko, Savoie, Scruggs and Does, have been denying and delaying the Plaintiff's scheduling to see the doctors for his serious medical condition.

21. Plaintiff cannot access the doctor without going through the nurses.

22. Even though Defendants Ventrella, Estrom, Letevik, Rourke, Durko, Savoie, Scruggs and Does are not qualified to diagnose and treat Plaintiff's medical condition; thereby, delaying access to the Defendants Ruiz and Wright, or somebody who is qualified.

23. Plaintiff has been experiencing the tingling, itching, burning and headaches continuously since 2010 and it has never went away.

24. Upon information and belief, the Plaintiff is one out of a small class of persons that suffers from a neurological disorder from similar types of procedures on the facial area the Plaintiff underwent.

25. For this neurological issue the Plaintiff is prescribed Gabapentin.

26. Gabapentin has no effect on the Plaintiff's serious medical condition and is a less efficacious way to treat his medical condition.

27. Defendant Ruiz continued Plaintiff on Gabapentin for years despite Plaintiff informing Defendant Ruiz that it has no effect and does not work for him.

28. Defendant Wright continued Plaintiff on Gabapentin despite Plaintiff informing Defendant Wright that it has no effect and does not work for him.

29. Defendants Ruiz and Wright claim that Gabapentin should work for pain issues.

30. Defendants Ruiz and Wright do not specifically know what type of neurological condition that the Plaintiff suffers from.

31. Defendants Ruiz and Wright refuses to refer the Plaintiff to a neurologist or a specialist that could adequately treat his condition in accordance with community care standards.

32. Defendants Meurer, Brown, Libel, Ruiz, Wright, Ventrella, Estrom, Letevik, Rourke, Durko, Savoie, Scruggs, and Does were provided with Plaintiff's medical records and therefore knew about Plaintiff's medical needs from those records.

33. Defendant Wright stopped the Plaintiff's medication for his headaches even though the Plaintiff was taking this particular medication for years.

34. Plaintiff repeatedly informed Defendants about his medical conditions.

35. Plaintiff's conditions was the subject of numerous grievances and health services reviews.

36. Defendants Maurer, Brown and Libel were generally aware of the Plaintiff denial and unnecessary delay of treatment because of the medical grievances, health service reviews, letters and complaints.

37. Defendants disregarded the excessive risk to Plaintiff's medical needs by continuing to subject him to the denial and delay of needed treatment described herein and by failing to take any corrective action.

38. Defendants have caused Plaintiff to suffer irreparable harm and Plaintiff lacks an adequate remedy at law.

## First Count

39. Paragraphs one through thirty-eight are incorporated herein.

40. Defendants Maurer, Brown, Libel, Ruiz, Wright, Ventrella, Estrom, Letevik, Rourke, Durno, Savoie, Scruggs and Does have violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 USC § 1983 by acting with deliberate indifference to Plaintiff's serious medical needs.

41. As a direct and proximate result of the violations committed by these Defendants, Plaintiff suffered physical harm described herein.

## Prayer for Relief

Wherefore, Plaintiff respectfully prays for relief as follows:

1. A declaratory judgment.

2. An injunction ordering Defendants to permit the Plaintiff to be evaluated by a neurologist or other professional that is qualified to diagnose and treat him.

3. An award of compensatory damages against Defendants in their individual capacities.

4. An award of punitive damages against Defendants in their individual capacities.

5. Such other relief as the Court may deem just and proper.

Plaintiff Angel Gonzalez

*Angel Gonzalez*

Angel Gonzalez
Northern CI
287 Bilton Rd
Somers, CT 06071

## Declaration

I, Angel Gonzalez, declare under penalty of perjury that the information contained in the complaint is true and accurate to the best of my knowledge. See 28 USC § 1746

*Angel Gonzalez*
Angel Gonzalez

August 17, 2017
Date

-9-