UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| ANGEL GONZALEZ, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:17cv1402(MPS) |
| v. | : | |
| | : | |
| CORRECTIONAL MANAGED | : | |
| HEALTH CARE, ET AL., | : | |
| Defendants. | : | |

# RULING AND ORDER

The plaintiff, Angel Gonzalez, is currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker"). He initiated this action by filing a civil rights complaint against Department of Correctional medical staff members. On January 12, 2018, the court granted the plaintiff leave to file an amended complaint, dismissed the amended complaint for failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure, and directed the clerk to enter judgment for the defendants and close the case. *See* IRO, ECF No. 17 at 10-11. The dismissal was without prejudice to the plaintiff's filing a motion to reopen and a second amended complaint that complied with Rules 8 and 20, Fed. R. Civ. P. and included only one of the five claims or sets of claims identified by the court in its ruling and order. *See id.* The plaintiff has filed a motion to reopen, a motion to withdraw the first motion to reopen, a second motion to reopen, a motion to file an amended complaint, and a motion for appointment of counsel.

**I.     Motions to Reopen and to Withdraw Motion to Reopen [ECF Nos. 20, 22]**

On January 9, 2018, the plaintiff filed a motion to reopen. On January 31, 2018, the plaintiff moved to withdraw the motion to reopen because it did not comply with the court's

order in the initial review order. The motion to withdraw the motion to reopen filed on January 19, 2018 is granted. The motion to reopen, ECF No. 20, is deemed withdrawn and should be terminated from the docket. To the extent that the motion to withdraw the motion to reopen has also been docketed as a motion to file an amended complaint, the motion to amend is denied as moot. The court addresses the plaintiff's renewed motion to reopen and to file an amended complaint below.

## II.     Motion to Reopen and to File Amended Complaint [ECF No. 23]

The plaintiff seeks to reopen the case and to file a second amended complaint that complies with the court's initial review order. The plaintiff contends that the proposed amended complaint attached to the motion to reopen fully complies with the court's order. The court disagrees.

The proposed second amended complaint lists as defendants: Director of Health Services Kathleen Maurer, Dr. Ricardo Ruiz, Dr. Carson Wright, Nurse Barbara Savoie, Nurse Vicki Scruggs, Nurse Ellen Durko, Nurse Jane Ventrella, Nurse Sheryl Estrom, Nurse Cindy Letevik, Nurse Shannon Rourke, Nurse Jane Doe, Nurse John Doe 1, Nurse John Doe 2, Health Services Administrator Brian Liebel, and Health Services Administrator Sharon Brown. *See* Proposed Am. Compl., ECF No. 23-1 at 1. Dr. Ruiz, Nurse Ventrella, Nurse Estrom, Nurse Letevik, Nurse Rourke, Nurse Jane Doe, Nurse John Doe 1, Nurse John Doe 2, and Health Administrator Brown are employed at Cheshire Correctional Institution ("Cheshire") and Dr. Wright, Nurse Savoie, Nurse Scruggs, Nurse Durko, Health Administrator Liebel are employed at Northern Correctional Institution ("Northern"). *See id.* at 3-4 ¶¶ 4-7. Director Maurer is not described as being assigned to any particular facility. *See id.* at 3 ¶ 3.

The amended complaint is filed pursuant to 42 U.S.C. § 1983 and asserts allegations related to symptoms experienced by the plaintiff beginning in 2010, one year after surgery to repair a fracture of his left orbital lobe and left frontal sinus. *See id.* at 5 ¶¶ 13-16. The plaintiff alleges that he experienced itching, burning, intense tingling, and headaches. *See id.* ¶ 16. The proposed amended complaint includes general allegations regarding the failure of nurses from both Cheshire and Northern to schedule him to see a physician, the failure of Drs. Wright and Ruiz to change the medication prescribed to treat the plaintiff's neurological symptoms despite the plaintiff's complaints regarding the medication's ineffectiveness, the refusal of Dr. Ruiz and Dr. Wright to refer the plaintiff to a specialist, the discontinuation of a prescription for the plaintiff's headaches by Dr. Wright, and the failure of Director Maurer, Health Administrator Brown, and Health Administrator Liebel to take corrective action with regard to the plaintiff's medical treatment provided to him at Cheshire and Northern. *See id.* at 6-8 ¶¶ 19-37.

There are no dates in the proposed second amended complaint other than August 4, 2009, the date on which the plaintiff suffered his injuries, and that some time in 2010, approximately a year after the surgery to repair plaintiff's injuries, he began to experience headaches and tingling, itching, and burning sensations. *See id.* at 5 ¶¶ 13, 16; at 6 ¶ 23.

The proposed amended complaint, which includes allegations against both medical employees at Cheshire and at Northern, does not comply with the court's order that any "second amended complaint ONLY include one of the five claims or sets of related claims described" on pages 10-11 of the order. *See* IRO at 10-11. Instead, it adds seven new defendants who are or were employed at Cheshire, asserts new claims regarding his medical treatment at Cheshire, and also asserts some of the claims regarding treatment at Northern that were included in the first

3

amended complaint. Thus, the proposed amended complaint fails to comply with the court's order and Rule 20, Fed. R. Civ. P. regarding permissive joinder of parties.

In addition, it does not comply with Rule 8, Fed. R. Civ. P. which requires that a complaint be "short and plain" and include allegations that are "simple, concise and direct" in order to put the defendants on notice of the legal claims against them. *See* Rule 8(a) & (d), Fed. R. Civ. P. As indicated above, the proposed amended complaint includes only general allegations of delays or improper treatment for the plaintiff's symptoms at both Cheshire and Northern. There are no dates on which the alleged conduct of any defendant occurred. Thus, the allegations do not give the defendants adequate notice of the claims against them. *See Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (Rule 8's purpose is to give the defendant or defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation marks and citations omitted); *Ricciutti v. New York Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.") (citation omitted). The court notes that the first amended complaint and its exhibits did include dates on which each defendant allegedly denied him treatment. *See* Am. Compl., ECF No. 15-1 & 15-2. Thus, it is not clear why the plaintiff neglected to include the dates of the alleged conduct of the defendants in the proposed second amended complaint.

Because the proposed second amended complaint does not comply with the court's order or Rules 8 or 20 of the Federal Rules of Civil Procedure, the motion to reopen and to file an amended complaint is denied without prejudice in all respects. The court will permit the plaintiff one more opportunity to file a second amended complaint that meets the pleading and joinder

requirements of the Federal Rules of Civil Procedure.

### III. Motion for Appointment of Counsel [ECF No. 21]

The plaintiff moves for the appointment of *pro bono* counsel. He claims that the issues involved in the case are complex and that he has limited access to a law library. As indicated above, the court has denied the plaintiff's motion to reopen the case.

The plaintiff does not indicate that he requires the assistance of an attorney to file an amended complaint in compliance with the court's order. Nor, to the extent that he requires assistance, has the plaintiff alleged that he made an effort to provide the Inmate Legal Aid Program with the necessary documents to permit the Program attorneys to assist him. *See* Mot. Appoint, Ex. A, ECF No. 21-1 at 3 (June 15, 2017 Letter from Paralegal at ILAP directing plaintiff to send documents related to his claim). Because the case remains closed and the plaintiff has not demonstrated that he cannot secure the assistance of counsel on his own, the motion for appointment of counsel is denied without prejudice.

### Conclusion

The Motion to Withdraw the Motion to Reopen, [**ECF No. 22**], is **GRANTED** to the extent that it seeks to withdraw the first motion to reopen and **DENIED** as moot to the extent that it has been docketed as a motion for leave to file an amended complaint. The Motion to Reopen, [**ECF No. 20**], is deemed **WITHDRAWN**. The clerk shall **TERMINATE** the Motion to Reopen, [**ECF No. 20**], from the docket. The Motion to Reopen and to File an Amended Complaint, [**ECF No. 23**], is **DENIED** without prejudice in all respects. Accordingly, the case remains closed.

The Motion for Appointment of Counsel, [**ECF No. 21**], is **DENIED** without prejudice.

If the court subsequently reopens the case, the plaintiff may file a new motion for appointment of counsel. Any renewed motion, however, must describe the plaintiff's recent, good faith efforts to secure assistance from the Legal Aid Program prior to filing the motion.

The court will permit the plaintiff thirty (30) days to file a new motion to reopen and a proposed second amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure and this order. **The Clerk shall send the plaintiff an amended complaint form and a copy of the Amended Complaint, [ECF Nos. 15-1 & 15-2], and a copy of the Proposed Second Amended Complaint, [ECF No. 23-1], with this order.**

As described above, the proposed second amended complaint attached to the motion to reopen included the following two claims:

1. **The medical claims relating to the plaintiff's treatment or lack of treatment at Cheshire for the following symptoms: itching, burning, intense tingling, and headaches, by Dr. Ricardo Ruiz, Nurse Jane Ventrella, Nurse Sheryl Estrom, Nurse Cindy Letevik, Nurse Shannon Rourke, Nurse Jane Doe, Nurse John Doe 1, Nurse John Doe 2, Health Services Administrator Sharon Brown, and Director of Health Services Kathleen Maurer.**

2. **The medical claims relating to the plaintiff's treatment or lack of treatment at Northern for the following symptoms: itching, burning, intense tingling, and headaches, by Dr. Carson Wright, Nurse Barbara Savoie, Nurse Vicki Scruggs, Nurse Ellen Durko, Health Services Administrator Brian Liebel, and Director of Health Services Kathleen Maurer.**

The second amended complaint **should ONLY include one** of the two claims described above. The plaintiff may pursue the claim that he does not include in the second amended

complaint in a separate lawsuit.

The plaintiff shall clearly and concisely state his claim, the dates on which each incident occurred, refer to each defendant by first and last name or first initial of the first name and the last name and explain how each defendant was involved in the incident, claim or claims. If the second amended complaint fails to comply with the instructions in this order or the amended complaint form or the requirements of Rules 8 and 20 of the Federal Rules of Civil Procedure, the court will decline to reopen the case to permit the plaintiff to file it.

SO ORDERED at Hartford, Connecticut this 1st day of May, 2018.

_____/s/_____
Michael P. Shea
United States District Judge